UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHARLES GOLDEN,

                Plaintiff,

-against-                                  14-cv-2229 (LAK)

THE CITY OF NEW YORK,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OPINION

        Appearances:

               John P. James
               FRIEDMAN, JAMES & BUCHSBAUM LLP
               *Attorneys for Plaintiff*

               Thomas M. Hoey, Jr.
               Assistant Corporation Counsel
               ZACHARY W. CARTER
               CORPORATION COUNSEL OF THE CITY OF NEW YORK
               *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff here seeks damages under the Jones Act[1] and the general maritime law doctrine of unseaworthiness as well as maintenance and cure, all in respect of an injury sustained in a slip and fall that occurred while he was employed by the City as a deck hand on a New York

---

[1] 46 U.S.C. § 30104.

City sludge vessel, the M/V RED HOOK. In a report and recommendation dated May 14, 2015 (the "R&R"), Magistrate Judge Andrew J. Peck recommended that the Court grant the City's motion for summary judgment dismissing the complaint. Plaintiff objects to the R&R. The Court assumes familiarity with the R&R and the parties' papers and refers to the facts only as necessary to the disposition of the objections.

*The Jones Act Claim*

Magistrate Judge Peck concluded that the evidence was insufficient to raise a genuine issue of material fact as to either the existence of a dangerous condition at the time of the accident or, in any case, that the City had actual or constructive notice thereof. He recommended, principally on that basis, that the Jones Act claim be dismissed.

I assume, without deciding, that Golden's affidavit, at least in conjunction with Captain Reil's evidence and perhaps alone, was sufficient to raise a genuine issue as to whether Golden slipped on oil present on the deck.² Indeed, in the City's response to plaintiff's objections,

---

² Accordingly, it is unnecessary to reach a definitive conclusion concerning the R&R's reliance on *Jaramillo v. United States,* 357 F. Supp. 172 (S.D.N.Y. 1972), and *Wiseman v. Sinclair Refining Co.,* 290 F.2d 818 (2d Cir. 1961), for the proposition that evidence of oil on plaintiff's shoe immediately after the fall was insufficient to raise a genuine issue of material fact as to the existence of the alleged dangerous condition. Nevertheless, *Jaramillo* is inapposite and *Wiseman* would not appear to control here.

*Jaramillo* was a decision after a bench trial. Thus, it reflects only the trial judge's determination, in that particular case, that evidence of a slippery substance on a shoe first observed after a fall did not persuade him that the substance was on the surface upon which the plaintiff stepped and caused his fall. But the question here is quite different – whether a trier of fact, faced with comparable evidence, reasonably could reach a different conclusion.

*Wiseman* too was an appeal from a plaintiff's decision following a bench trial. The only evidence of a dangerous condition was plaintiff's testimony that, at some unspecified time presumably following the fall, he observed grease on his shoe. As the Court of Appeals

reversed and remanded for dismissal, it might have decided, unlike *Jaramillo,* that the plaintiff's post-fall observation of grease on his shoe was insufficient as a matter of law to permit a finding that he had slipped on oil that had been on the deck. But the reversal rested first and foremost on the Circuit's conclusion that the evidence of *causation* had been insufficient as a matter of law. 290 F.2d at 819-20. To be sure, the panel in closing added the following: "Neither plaintiff nor any other witness testified that they ever saw grease on the stair. To be sure, plaintiff said on direct examination that the step was greasy. But on cross-examination he admitted that he did not see grease there at the time; that he only saw grease on his shoe. But where that grease came from does not appear." *Id.* at 820. I doubt that this brief comment, which was unnecessary to the result, was a holding that evidence of the presence of a slippery substance on the plaintiff's shoe immediately after a shipboard slip and fall is insufficient in this Circuit to raise a genuine issue of fact as to the existence of a dangerous condition.

This view finds support in *Rice v. Atl. Gulf & Pac. Co.,* 484 F.2d 1318 (2d Cir. 1973). That was another slip and fall case brought both under the Jones Act and the general maritime law of unseaworthiness. The plaintiff claimed that the fall resulted from the presence of oil or grease on a ladder. The principal but – as will appear – not the only evidence tending to support that claim was plaintiff's testimony that he found oil on his shirt and arm after the accident.

The jury returned a plaintiff's verdict on the Jones Act claim but made no finding as to unseaworthiness. The district court granted defendant's motion for judgment n.o.v. The Court of Appeals affirmed the dismissal of the Jones Act claim only on the ground that there was no evidence of actual or constructive knowledge by the employer, not on the ground that the evidence of the existence of a dangerous condition was insufficient. In discussing whether to remand for trial of the unseaworthiness claim, however, the panel wrote, 484 F.2d at 1320-21:

> The district court, relying principally on *Wiseman v. Sinclair Refining Co.*, 290 F.2d 818 (2d Cir.), *cert. denied,* 368 U.S. 837, 82 S.Ct. 63, 7 L.Ed.2d 37 (1961), held as a matter of law that, regardless of the absence of a specific jury finding, the evidence was insufficient to establish the presence of oil on the stairway. Here again we find ourselves in disagreement. Concededly the proof of unseaworthiness was slim. However, it exceeded that found insufficient in *Wiseman*, where the only evidence to support the finding of grease on the vessel's ladder was plaintiff's testimony that he saw grease on his shoe after his fall. Here, Rice testified that immediately after his fall he discovered oil on his arm and shirt that had not been there before. In addition, there was Spear's testimony that frequently there was a film of oil "about" the Barlow's fire room which required continuous wiping of the stairway from which Rice fell. There was, therefore, a basis independent of the testimony by Rice from which the jury could infer the presence of oil on the steps.

Thus, *Rice* suggests that *Wiseman* stands for no more than the proposition that a plaintiff's observation of a slippery substance on a shoe, other clothing, or the body immediately after a fall is insufficient *in the absence of any other evidence* to raise a genuine issue of fact as to the existence of a dangerous condition. And it is not entirely clear that *Wiseman* today

4

it defends the magistrate judge's recommended dismissal of the Jones Act claim only on the ground that there was insufficient evidence that the City had notice of the (alleged) dangerous condition, not that the evidence was insufficient to permit a conclusion that the alleged dangerous condition existed.[3] But I agree entirely with Magistrate Judge Peck that there is not evidence sufficient to raise a genuine issue as to actual or constructive notice.

Golden's objections seek to avoid this fatal problem by suggesting that the City's obligation to provide a safe workplace was breached by its failure to have written or more extensive procedures for avoiding workplaces hazards. But this argument is unavailing for the reasons indicated in footnotes 5 and 6 of the R&R. In addition, there is no evidence whatsoever to raise a genuine issue of material fact as to whether the failure to have written or more extensive procedures was causally related to this alleged accident. Any contrary conclusion would be entirely speculation.

*The Unseaworthiness Claim*

Given my assumption that there was a genuine issue as to whether there was oil on the deck, I do not approach the unseaworthiness issue in exactly the same way as the R&R. But I agree with Magistrate Judge Peck that, even assuming there was oil on the deck where Golden slipped, the evidence was insufficient to raise a genuine issue of fact as to whether the deck was

---

would be regarded as dispositive even in those circumstances. Such a view would stand in considerable tension with the principle that competent, admissible evidence of a non-moving party is taken as true for purposes of deciding an adverse motion for summary judgment.

[3]   DI 38, at 2-3.

5

unreasonably slippery.[4]  Indeed, the undisputed facts here, summarized at pages 13 and 14 of the R&R, negate (or tend strongly to negate) the existence of unreasonable slipperiness.  But that is beside the point because the burden is on the plaintiff to offer at least some competent proof of slipperiness.  It is not on the City to prove the negative.

*Maintenance and Cure*

There is no valid objection to the R&R's recommendation with respect to the maintenance and cure claim.

*Conclusion*

Accordingly, the plaintiff's objections to the R&R are overruled. Defendant's motion [DI 22] is granted and the complaint dismissed.  The dismissal of plaintiff's claim for maintenance is without prejudice to a subsequent claim for maintenance and cure with respect to the period commencing after the date on which defendant's motion was filed.

SO ORDERED.

Dated:   July 23, 2015

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[4]  R&R at 12 (quoting, *inter alia, Barlas v. United States,* 279 F. Supp2d 201, 217 (S.D.N.Y. 2003) (Chin, J.).  Plaintiff acknowledges the need for evidence of unreasonable slipperiness, but then incorrectly assumes that the (assumed) fact that Golden slipped on oil means that the deck was unreasonably slippery.  *Barlas,* among other authorities, makes clear that this assumption is inappropriate.